UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DARWIN UZIEL GARCIA MOREL, by the Administratrix *Ad Prosequendum* and General Administratrix MARIA E. MOREL FORTUNA, and MARIA E. MOREL FORTUNA,<br><br>Plaintiffs,<br><br>v.<br><br>ROSEMARY CUNALZAK, CNM, TRINITAS REGIONAL MEDICAL CENTER, NEIGHBORHOOD HEALTH SERVICES CORP., et al.,<br><br>Defendants. | No. 16-cv-1640 (KM)(MAH)<br><br>MEMORANDUM and ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

Every federal court complaint shall contain "a short and plain statement of the grounds for the court's jurisdiction...." Fed. R. Civ. P. 8(a)(1). The complaint in this wrongful death action contains no such jurisdictional statement. It does allege, however, that one defendant, Ms. Cunalzak, is "employed by defendant Neighborhood Health Services Corporation pursuant to the Federal Public Health Service Act, 42 U.S.C. 233(a)." (Cplt. ¶ 4) The Complaint asserts state law causes of action, and also contains demands for answers to interrogatories and other items required by the New Jersey Rules of Court.

By order dated March 29, 2016, I directed the plaintiffs to show cause why the complaint should not be dismissed for want of federal subject matter jurisdiction. Plaintiffs' counsel timely responded (ECF No. 4), explaining that he had filed the action in state court, but that the

United States Attorney had "requested that the matter be dismissed and that we pursue our administrative remedies." Counsel apparently did so; attached to his letter is a letter from the United States Department of Health & Human Services, dated March 15, 2016, denying an administrative tort claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671–80. The letter advises counsel that he may, at his option, file suit against the United States in the appropriate federal district court within six months, citing 28 U.S.C. § 2401(b).

I will treat plaintiff's submission as a motion to amend the Complaint. Because there has been no motion or responsive pleading, plaintiff may amend as of right. See Fed. R. Civ. P. 15(a).

Accordingly, IT IS this 11th day of May, 2016,

ORDERED as follows:

1. Plaintiff may, within 21 days, amend the complaint to make it clear that, as to any "federal agency" or "employee of the government" as defined in the FTCA, she invokes the court's subject matter jurisdiction under 28 U.S.C. § 1346(b), and asserts her causes of action against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671 et seq. The basis for federal jurisdiction over any non-governmental parties should be stated as well.

Plaintiff is advised of her obligation to observe the time limit for service, see Fed. R. Civ. P. 4(m), and to comply with the special procedures for serving the United States see Fed. R. Civ. P. 4(i).

**KEVIN MCNULTY**
**United States District Judge**