DOUGLAS D. BURGESS, ESQ. #043121992
ICAZA & BURGESS, P.C.
550 BROAD STREET, SUITE 703
NEWARK, NEW JERSEY 07102
(973) 799-0700

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DARWIN UZIEL GARCIA MOREL, BY THE ADMINISTRATRIX AD PROSEQUENDUM, MARIA E. MOREL FORTUNA AND GENERAL ADMINISTRATRIX MARIA E. MOREL FORTUNA, MARIA E. MOREL FORTUNA, Individually, | CIVIL ACTION NO.: 2:16-cv-01640-KM-MAH |
| PLAINTIFFS, | |
| Vs. | |
| UNITED STATES OF AMERICA, JOHN DOES 1-5, fictitious names whose present identities are unknown; JANE DOES 1-5, fictitious names whose present identities are unknown; and ABC CORPORATIONS 1-5, fictitious names whose present identities are unknown. | **SECOND AMENDED COMPLAINT** |
| DEFENDANTS | |

COMES NOW the above named plaintiffs and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Maria E. Morel Fortuna, is presently, and has been at all times herein mentioned a resident of the State of New Jersey.   At all times material herein, she is competent to bring suit both in her individual capacity and as the legal representative of the deceased infant plaintiff, Darwin Uziel Garcia Morel.

2. Plaintiff's decedent, Darwin Uziel Garcia Morel, was a resident of the State of New Jersey at all times herein mentioned.

3. Rose Marie Kunaszak was, at all relevant times, employed by defendant Neighborhood Health Services Corporation pursuant to the Federal Public Health Service Act, 42 U.S.C 233(a).

4. Rose Marie Kunaszak was, at all relevant times, an employee of the United States Federal Government as defined by the Federal Tort Claims Act as she was employed by the Neighborhood Health Services Corp., and as such was a Federal employee under the Public Health Service Act 42 U.S.C. sec 233 (a).

5. Neighborhood Health Services Corp. et al, were, at all relevant times a Federal Agency (ies) as defined in the Federal Tort Claims Act 28 U.S.C ss. 2761 et seq and the Federally Supported Health Centers Act.

6. Plaintiff hereby invokes the Court's subject matter jurisdiction over this claim and Dispute against The United States of America pursuant to 28 U.S.C. ss. 1346(b) and the Federally Supported Health Centers Act.

7. Plaintiff hereby asserts her cause of action against the United States of America, through the actions of its agents, servants and employees, as set forth above pursuant to the Federal Tort Claims Act, 28 U.S.C ss. 2761 et seq.

8. Venue is proper in the United States District Court for the District of New Jersey as the operative facts took place in Elizabeth, New Jersey and the Plaintiff's Administratrix Ad Prosequendum live in Elizabeth, New Jersey and the Court has subject matter jurisdiction as set forth in paragraphs 1 through 9.

## FACTUAL BACKGROUND

1. On or about November 27, 2013, the plaintiff, Maria E. Morel Fortuna was admitted to Trinitas Hospital in Elizabeth, New Jersey, in labor for the delivery of the infant plaintiff, decedent, Darwin Uziel Garcia Morel and was attended to by Rosemarie Cunalzak, Neighborhood Health Services, Trinitas Medical Center.

2. The United States of America, through the actions of its agents, Rosemarie Cunalzak, Neighborhood Health Services, Trinitas Medical Center, failed to properly manage Plaintiff, Maria E Morel's, labor sending her home without properly treating, diagnosing and managing her condition, including, but not limited to, failing to properly monitor the condition of her fetal membrane and level and condition of her amniotic fluid. After allowing Plaintiff, Maria E. Morel, to leave the facility with insufficiently monitored levels of amniotic fluid, and failing to properly notice, treat, and manage the rupture of Plaintiff's fetal membranes and/or loss of, or insufficient nature of, Ms. Morel's amniotic fluid, Plaintiff, Maria E. Morel, sustained damages including the death of Darwin Uziel Garcia Morel.

3. As a result of the Defendant, The United States of America's agent's negligence cited above, the Plaintiff's decedent, Darwin Uziel Garcia Morel, died on November 30, 2013.

4. Maria E. Morel Fortuna, was appointed as Administratrix of the Estate of Darwin Uziel Garcia Morel and also appointed Ad Prosequendum of the Estate of Darwin Uziel Garcia Morel.

5. At all relevant times the plaintiff's decedent, Darwin Uziel Garcia Morel, was a patient of the Rosemarie Cunalzak, CNM, Neighborhood Health Services, Trinitas Regional Medical Center.

6. The Defendant, The United States of America, and its agents and servants, Rosemarie Cunalzak, CNM,; Trinitas Regional Medical Center and Neighborhood Health Services Corporation, John Does, fictitious names whose present identities are unknown; Jane Does, fictitious names whose present identities are unknown; and ABC Corporations, fictitious names whose present identities are unknown, had a duty to exercise the degree of care and skill in the treatment of the plaintiff's decedent, Darwin Uziel Garcia Morel, which was in accordance with the generally accepted medical standards of care and skill utilized by physicians, nurses and other medical personnel in examining, diagnosing and treating persons such as Darwin Uziel Garcia Morel.

7. The Defendant, The United States of America, through the acts of its agents, Rosemarie Cunalzak, CNM, Neighborhood Health Serv ices Corporation, Trinitas Regional Medical Center, John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown; deviated from generally accepted medical standards required of them in their treatment of Darwin Uziel Garcia Morel causing the death of Darwin Uziel Garcia Morel.

## CAUSE OF ACTION

WHEREFORE, Plaintiff, Maria E. Morel Fortuna, As Administratrix of the Estate of Darwin Uziel Garcia Morel and as the Administratrix Ad Prosequendum of the Estate of Darwin Uziel Garcia Morel demands entry of judgment against the Defendant, United States of America, Rosemarie; John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown, for damages, interest, attorney's fees and costs of suit as provided by the New Jersey Wrongful Death Statute, N.J.S.A. 2A:31-1, et seq., and as otherwise provided by law.

## SECOND COUNT

1. Plaintiff repeats and repleads each and every allegation contained in the first count of the Complaint as if same were repeated at length herein.

2. On or about November 27, 2013, the plaintiff, Maria E. Morel Fortuna was admitted to the Trinitas Hospital in labor for the delivery of the infant plaintiff, decedent, Darwin Uziel Garcia Morel.

3.   At the time and place foresaid Rosemarie Cunalzak, CNM, John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown; were the agents, servants and/or employees of, Trinitas Regional Medical Center, and were acting in there scope of their employment with Trinitas Regional Medical Center through agreement with Neighborhood Health Services Corp., thereby making Defendant,   The United States of America,   responsible for the negligence of the Defendants, Rosemarie Cunalzak, CNM, Trinitas Regional Medical Center, John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown.

4.   Defendant, The United States of America, through the acts of the aforesaid agents and servants, deviated from accepted standards of medical care and treatment, and were negligent in their care and treatment of Maria E. Morel Fortuna and Darwin Uziel Garcia Morel.

5.   As a direct and proximate result of the negligence of the United States of America, through the acts of Rosemarie Cunalzak, CNM, Trinitas Regional Medical Center,   John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown, and their deviations from accepted standards of medical care and treatment, the infant plaintiff suffered severe and grievances personal injury which resulted in his death.

WHEREFORE, Plaintiff, Maria E. Morel Fortuna, As Administratrix of the Estate of Darwin Uziel Garcia Morel and as the Administratrix Ad Prosequendum of the Estate of Darwin Uziel Garcia Morel demands entry of judgment against the United States of America, John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown, for damages, interest, attorney's fees and costs of suit as provided by the New Jersey Wrongful Death Statute, N.J.S.A. 2A:31-1, et seq., and as otherwise provided by law.

**THIRD COUNT**

1. Plaintiff repeats and repleads each and every allegation contained in the first through second count of the Complaint as if same were repeated at length herein.

2. As a result of the aforementioned negligence of the defendants, the plaintiff's decedent, Darwin Uziel Garcia Morel, was caused great pain and suffering prior to his death.

WHEREFORE, Plaintiff, Maria E. Morel Fortuna, As Administratrix of the Estate of Darwin Uziel Garcia Morel and as the Administratrix Ad Prosequendum of the Estate of Darwin Uziel Garcial Morel demands entry of judgment against the Defendant, United States of America, , John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown, for damages, interest, attorney's fees and costs of suit as provided by the New Jersey Wrongful Death Statute, N.J.S.A. 2A:15-3, et seq., and as otherwise provided by law.

## FOURTH COUNT

1. Plaintiff repeats and repleads each and every allegation contained in the first through third counts of the Complaint as if same were set forth at length herein.

2. As a proximate result of the negligence of the Defendant, The United States of America, through the vicarious actions of Rosemarie Cunalzak, CNM, Neighborhood Health Services Corp., Trinitas Regional Medical Center, John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown, the Estate of Darwin Uziel Garcia Morel, has incurred hospital, medical and funeral expenses.

WHEREFORE, Plaintiff, Maria E. Morel Fortuna, As Administratrix of the Estate of Darwin Uziel Garcia Morel and as the Administratrix Ad Prosequendum of the Estate of Darwin Uziel Garcia Morel demands entry of judgment against the Defendants, United States of America, John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown, for damages, interest, attorney's fees and costs of suit.

## FIFTH COUNT

1. The Plaintiffs repeats and repleads each and every allegation contained in the first through fourth count of the Complaint as if same were set forth at length herein.

2. As the further result of the negligence of the defendants and their deviations from accepted standards of nursing or medical care and treatment, the plaintiff, Maria E. Morel Fortuna, individually, has endured great pain and suffering and severe emotional distress.

WHEREFORE, Plaintiff, Maria E. Morel Fortuna, individually, demands entry of judgment against the Defendants, United States of America, John Does 1-5, fictitious names whose present identities are unknown; Jane Does 1-5, fictitious names whose present identities are unknown; and ABC Corporations 1-5, fictitious names whose present identities are unknown, for damages, interest, and costs.

ICAZA & BURGESS, P.C.

BY: _____

DOUGLAS D. BURGESS, ESQ.

DATED:   July 12, 2016

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

ICAZA & BURGESS, P.C.

BY:_____
DOUGLAS D. BURGESS, ESQ.

DATED:   July 12, 2016

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made for fully responsive answers to Form

C and Form C(3) Interrogatories appearing in Appendix II to the Rules of Court.

ICAZA & BURGESS, P.C.

BY:_____
DOUGLAS D. BURGESS, ESQ.

DATED:   July 12, 2016

## DESIGNATION OF TRIAL COUNSEL

Douglas D. Burgess, Esq., is hereby designated as Trial Counsel pursuant to R.4:25-4.

ICAZA & BURGESS, P.C.

BY:_____
DOUGLAS D. BURGESS, ESQ.

DATED:   July 12, 2016

## Rule 4:5-1 CERTIFICATION

I HEREBY CERTIFY that, to the best of my knowledge, the subject matter of the cause of action herein is not the subject of any other action pending in any court or of any pending arbitration proceeding and that no other court proceedings or arbitration proceedings are contemplated and that no other parties need be joined.

ICAZA & BURGESS, P.C.

BY:_____
DOUGLAS D. BURGESS, ESQ.

DATED:   July 12, 2016